IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JOHN ALVIN FARGIS                                                                                           PLAINTIFF

v.                                          Civil No. 1:21-cv-1051

OFFICER GILBERT, NAROTICS DIVISION, EL DORADO
POLICE DEPARTMENT; JAIL ADMINISTRATOR
RICHARD MITCHAM, UNION COUNTY DETENTION
CENTER; DR. DEANNA HOPSON, PHYSICIAN
FOR THE UNION COUNTY DETENTION CENTER;
AND SHERIFF RICKEY ROBERTS, UNION COUNTY,
ARKANSAS                                                                                                   DEFENDANTS

## REPORT AND RECOMMENDATION

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickory, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Before the Court is a Motion to Dismiss based on Plaintiff's failure to prosecute this case. (ECF No. 28).

Plaintiff John Alvin Fargis filed this 42 U.S.C. § 1983 action *pro se* on October 29, 2021. (ECF No. 1). He also submitted an incomplete *in forma pauperis* ("IFP") application. (ECF No. 2). That same day the Court entered an order directing Plaintiff to file a completed IFP application by November 19, 2021. (ECF No. 3). This order informed Plaintiff he would have 30 days from the date he was transferred from a jail or other facility to inform the Court of his new address, or his case would be dismissed without prejudice for failure to prosecute. *Id.* On November 29, 2021, Plaintiff's IFP application was granted. (ECF No. 6).

On June 13, 2022, Plaintiff notified the Court in a telephone call to the undersigned's chambers that he had been released from custody and was residing at the Shalom Recovery Center in Hot Springs, Arkansas. *See* Staff notes dated June 13, 2022. On July 20, 2022, Defendants filed

1

the instant motion stating, "Undersigned counsel's office contacted the Shalom Recovery Center located at 2446 E. Grand Avenue, Hot Springs, Arkansas 71901, Plaintiff's last known address per PACER. However, undersigned counsel's office was informed that the Plaintiff is no longer residing in the facility as of June 30, 2022." (ECF No. 28). Defendants ask the Court to dismiss the case based on Plaintiff's failure to keep the Court informed of his address. *Id.*

On July 25, 2022, the Court entered an order directing Plaintiff to file a response to the Motion to Dismiss by August 15, 2022. (ECF No. 30). Plaintiff did not respond, and the Court's order was not returned as undeliverable. On August 16, 2022, the Court entered an order directing Plaintiff to show cause by September 6, 2022, as to why he failed to respond to Defendants' motion. (ECF No. 31). On September 2, 2022, the show cause order was returned to the Court as undeliverable indicating "Not here, RETURN TO SENDER NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD". (ECF No. 34).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the

2

district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order".  *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

  Plaintiff has failed to comply with orders of the Court and failed to prosecute this case.  Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed.  Accordingly, I recommend Defendant's Motion to Dismiss (ECF No. 28) be **GRANTED** and Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE.**

  **The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

  DATED this 9th day of September 2022.

/s/ *Barry A. Bryant*
_____
  HON. BARRY A. BRYANT
  UNITED STATES MAGISTRATE JUDGE